FILED
SUPERIOR COURT
OF GUAM

2019 MAR -5  AM II: 32

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JONATHAN ANDREW CASTRO BORJA,<br><br>                 Defendant. | Criminal Case No. CF0689-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Defendant has been charged with three felonies involving theft and has moved to be released pending his trial. This matter is before the Honorable Michael J. Bordallo. The People of Guam (the "People") are represented by Assistant Attorney General Leonardo M. Rapadas. Defendant Jonathan Andrew Castro Borja ("Defendant") is represented by William Benjamin Pole, Esq. of the Law Office of Gumataotao & Pole. Having reviewed the arguments, the Court hereby **DENIES** Defendant's Motion for Release.

## BACKGROUND

This matter arises out of Defendant's motion ("Motion") to be released on his own recognizance. The People have opposed the Motion.

## FACTS

1. On Nov. 20, 2018, Defendant was indicted on two counts of theft of an automobile, theft by receiving, and conspiracy to commit theft, all while on felony release.

2. Two years ago on Aug. 5, 2016 in an unrelated case, CF0216-16, Defendant pleaded guilty to third degree felony aggravated assault. He was sentenced to three years imprisonment, all but six months suspended, followed by three years of supervised probation. See People v. Jonathan Andrew Castro Borja, Criminal Case No. CF0216-16, *Plea Agreement* (Aug. 5, 2016).

3. Last year, on Jan. 18, 2018, while on probation in CF0216-16, Defendant was indicted on new charges of second degree felony aggravated assault, third degree felony family violence, and third degree felony aggravated assault, all with possession or use of a deadly weapon. See People v. Jonathan Andrew Castro Borja, Criminal Case No. CF0018-18, *Indictment*, (Jan. 18, 2018).

4. Defendant has violated his probation multiple times in various ways, such as failing to report to the probation office, failing to complete community service or pay fines or court costs, and allegedly failing to obey all laws by committing violent crimes of aggravated assault and family violence along with the current theft and conspiracy charges.

5. The Court has taken the Motion under advisement.

## ISSUE

1. Whether Defendant would be a flight risk or a danger to the public if the Motion to Release were granted.

## PRINCIPLES OF LAW

When deciding whether to confine a Defendant, the Court must decide whether he is likely to appear in court later and whether he will pose a danger to others if he is released. The Supreme Court of Guam requires the Court to release the Defendant, "*unless* the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Guam v. Song, 2011 Guam 19, ¶ 10 (quoting 8 GCA § 40.15(b)) (emphasis in original). Guam law requires the court to impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 G.C.A. § 40.20; see Guam v. Song, 2011 Guam 19 ¶ 11. In deciding the matter, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2)-(6).

## ANALYSIS

The Court is not sufficiently persuaded that Defendant would fail to appear in Court if released. However, the Court believes that Defendant poses sufficient risk of danger to the public for him to remain confined. While on probation in CF0216-16, a case in which Defendant pleaded guilty to aggravated assault, Defendant was indicted again on aggravated assault charges as well as on the present theft and conspiracy charges. Defendant has proven to be a violent man at times in the past, and he is again charged in CF0018-18 with a crime of aggravated violence against another person, namely his wife. The Magistrate's Complaint in

that case states that he allegedly punched her face several times, which caused her to black out. See People v. Borja 3, Criminal Case No. CF0018-18, *Magistrate's Complaint*, (Jan. 10, 2018). It also states that he allegedly struck her in the arm with a hammer and allegedly threatened her life, saying "Tonight is the night that you take your last breath and that no one will see you like this; I'll say that you left." Id. Although Defendant has not been convicted of the charges in CF0018-18, the allegations are alarming. Considering his conviction for aggravated assault in CF0216-16 and the new charges of aggravated assault, the Court believes that if Defendant were to be released, he would pose a danger to the public sufficient to justify his continued confinement. Therefore the Court will not grant his Motion for Release.

**CONCLUSION AND ORDER**

For the above reasons, the Court **DENIES** Defendant's Motion for Release.

SO ORDERED, this _____ day of _____ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

1) Atel's
2) W. Pole
Date: 3/5/19 Time: 11:45a

Deputy Clerk, Superior Court of Guam